UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **QUINTARRE L. WILKINS, *ET AL.*,** § § § | |
| **Plaintiffs,** § § | |
| v. § § | Civil Action No. 3:23-CV-276 |
| **ANDREW EDISON, *ET AL.*,** § § | |
| **Defendants.** § | |

### DEFENDANT'S MOTION TO DISMISS
### FOR LACK OF SERVICE OF PROCESS

Defendant United States Magistrate Judge Andrew Edison (Judge Edison) makes a limited appearance herein to demonstrate that Plaintiffs have failed to effect service of process on him as required by Fed. R. Civ. P. 4(m), and thus to move to dismiss the Complaint without prejudice as to him pursuant to Fed. R. Civ. P. 12(b)(5).

1. **Background**

On August 24, 2023, *pro se* Plaintiffs Quintarre Wilkins, Denastya Baker, and Orlando Acosta filed their complaint seeking monetary relief against Judge Edison and 14 others alleging that Defendants violated their constitutional rights. *See* Doc. 1. Previously, Plaintiffs Wilkins and Baker had filed Civil Action Number 3:23-CV-88 in this Court naming 17 defendants. *See Wilkins v. Attorney Keval Patel Law Firm,* Civil Action No. 3:23-CV-88 (S.D. Tex 2023). In that suit, Plaintiff Orlando Acosta (Acosta) had attempted to represent Wilkins and Baker as their attorney. *See Id.* at Dkt. 4. However, Judge Edison found that Acosta was not authorized to practice law and ordered that Acosta be prohibited from giving legal advice or preparing or making filings, and ultimately issued a Memorandum and Recommendation (M & R) recommending that motions to

dismiss filed by defendants be granted. United States District Judge Jeffrey Vincent Brown adopted the M & R and dismissed that case. Wilkins, Baker, and Acosta have now sued Judge Edison in the instant case.

However, Plaintiffs failed to effectuate service on Judge Edison within 90 days after the filing of the complaint.[1] The deadline for perfecting service was November 22, 2023. It is now well beyond the 90-day deadline and to date Judge Edison has still not been served with process, and he thus moves to dismiss the Complaint without prejudice as to him pursuant to Fed. R. Civ. P. Rule 4(m) and Fed. R. Civ. P. 12(b)(5).

2. **Law and Argument**

Fed. R. Civ. P. **12(b)(5)** provides that: "…. a party may assert the following defenses by motion:

**(5)** insufficient service of process."

Fed. R. Civ. P. **4(m)** proscribes a time limit for service of process. It provides that:

> "**(m) Time Limit for Service**. If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Under Fed. R. Civ. P. 4(m), Plaintiffs bear the burden of accomplishing proper service of process within 90 days of filing the complaint and *must* show "good cause" for having failed to do so to avoid dismissal. *See Flory v. United States*, 79 F.3d 24 (5th Cir. 1993) (failure to serve the

---

[1] Fed. R. Civ. P. 4(i)(3) provides that to serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf, a party must serve the United States (under Rule 4(i)(1)) and also serve the officer or employee under Rule 4(e), (f), or (g).

2

Attorney General); *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993) (failure to serve the United States Attorney); *McGinnis v. Shalala*, 2 F.3d 548, 550 (5th Cir. 1993) (failure to serve the United States Attorney); *System Signs Supplies v. United States Dept. Of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (failure to serve the United States Attorney); *Florance v. Bush*, No. 3:09-cv-1470-b-BH, 2010 WL 2730615, at *3 (N.D. Tex. May 25, 2010) ("Rule 4(m) requires dismissal without prejudice when service has not been effected within 120 days[2] of filing the complaint unless Plaintiff shows good cause to extend the time for service."); *Brown v. Harris County, TX*, No. 4:07-cv-0644, 2010 WL 774138, at *15 (S.D. Tex. March 2, 2010) (same).

In *System Signs*, 903 F.2d at 1013, the Fifth Circuit explained that:

> To establish good cause, a litigant must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence of mistake of counsel or ignorance of the rules does not suffice." . . . Additionally, the claimant must make a showing of good faith and establish "some reasonable basis for noncompliance within the time specified."

*Id.* at 1013 (quoting *Winters v. Teledyne Movable Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985), and 4A C. Wright & A. Miller, Federal Practice and Procedure § 1165, at 480 (2d. Ed. 1987)). *See also Gallen v. Guth Dairy, Inc.*, 136 F.R.D. 110, 111 (W.D. La. 1991) ("jurisprudence consistently holds that 'neither inadvertence of attorney nor secretarial misdeed constitute good cause'"). Also, Defendants' actual notice of the litigation does not satisfy the requirement of proper service under Fed. R. Civ. P. 4. *See Peters*, 9 F.3d at 345 (improper service of the summons and complaint on the United States is not cured by actual notice of the action); *System Signs*, 903 F.2d at 1014 (actual notice does not suffice for service of process).

---

[2] Prior to 2016, Rule 4(m) allowed plaintiff(s) 120 days to serve defendant(s); the rule has since been amended to allow plaintiff(s) 90 days to serve defendant(s).

In this case, the Complaint was filed on August 23, 2023. The deadline for perfecting service was November 22, 2023. It is now well beyond the 90-day deadline and Judge Edison has not been served. Plaintiffs have not complied with Fed. R. Civ. P. 4. Therefore, the Complaint should be dismissed without prejudice.

### 3. Conclusion

For the above stated reasons, this action should be dismissed without prejudice.

Date: July 01, 2024,                    Respectfully submitted,

ALAMDAR S. HAMDANI
United States Attorney
Southern District of Texas


By:     *s/ José Angel Flores, Jr.*
José Angel Flores, Jr.
Assistant United States Attorney
Attorney-in-Charge
S.D. Tex. ID No.: 61877
Texas State Bar No.: 07164450
11204 McPherson Road, Suite 100A
Laredo, TX 78045-6576
Tel.: (956)723-6523; FAX: (956) 790-1789
E-mail: jose.flores@usdoj.gov
*Counsel for Defendant Edison*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of July 2024, I electronically filed this document with the Clerk of Court using CM/ECF, and I caused a copy of this pleading to be placed in the mail and sent to Plaintiffs, via First Class Mail and Certified Mail, RRR, at:

Orlando Acosta
5355 Belfield Avenue
Philadelphia, Pennsylvania 19144
E-mail: orlandoacosta685@gmail.com
PLAINTIFF

Quintarre LaDell Wilkins
P.O. Box485
Rosharon, Texas 77583
E-mail: quintarrewilkins@gmail.com
PLAINTIFF

Denastya L. Baker
P.O. Box485
Rosharon, Texas 77583
E-mail: dnstybaker@yahoo.com
PLAINTIFF

*s/ José Angel Flores, Jr.*
José Angel Flores, Jr.
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| **QUINTARRE L. WILKINS, *ET AL.*,** | § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | Civil Action No. 3:23-CV-276 |
| **ANDREW EDISON, *ET AL.*,** | § § | |
| **Defendants.** | § § | |

## ORDER

Upon due consideration of Defendant's Motion to Dismiss Plaintiffs' Original Complaint, said Motion is hereby GRANTED.

It is **ORDERED** that the Plaintiffs' Original Complaint is hereby dismissed without prejudice.

SIGNED at Galveston, Texas, on this _____ day of _____ 2024.

                                                       **JEFFREY VINCENT BROWN**
                                                       **UNITED STATES DISTRICT JUDGE**